CASE No. 882.

CLAUSSEN v. FULTZ.

A warrant of attachment should not be issued upon an affidavit which contains a general charge of fraud, made upon information and belief, but supported by no statement of facts or circumstances, except that defendant is selling his goods as agent, and has acknowledged, in writing, that he was running his business only as agent, so as to save trouble with his creditors until he could pay them.

Before ALDRICH, J., Charleston, November, 1879.

This was a motion to set aside an attachment issued by the clerk of the court upon the following affidavit:

J. C. H. Claussen, the plaintiff above-named, being duly sworn, says:

1. That J. E. Fultz, the above-named defendant, is justly and truly indebted to the deponent in the full and just sum of $621.90, with interest from September 9th, 1879, for goods, wares and merchandise, sold and delivered by the plaintiff to the defendant, at his request, and no part of which has been paid.

2. That the said J. E. Fultz is, as deponent is creditably informed and believes, disposing of his property and effects, with intent to defraud his creditors, and that he is now, the more easily to effect his fraudulent purpose, carrying on his business and disposing of his property as agent, without any declared principal, and that the said J. E. Fultz is so doing business as agent with the sole intent to defraud his creditors is fully shown by his written confession and acknowledgment, as follows: "I am running my business only as agent, so as to save trouble with creditors, until I can pay them."

3. That the said plaintiff has commenced an action in this court against said defendant, upon the cause of action above-stated.

J. C. H. CLAUSSEN.

Sworn to September 10th, 1879.

The motion was granted by the Circuit judge, and plaintiff appealed.

*Mr. J. Ancrum Simons,* for appellant, cited *Code,* § 252; 10 *S. C.* 469; 34 *How. Pr.* 66; 17 *Ib.* 559; 37 *Ib.* 272; 11 *Ib.* 221; 5 *Ib.* 386; 5 *Rob.* 599; 32 *Barb.* 604; 3 *Seld.* 500; 3 *Sandf.* 703; 1 *Deady* 469; 3 *Bosw.* 626.

*Mr. Chas. Boyle,* contra, cited 6 *S. C.* 169; 10 *S. C.* 467; 12 *S. C.* 122.

May 17th, 1880.   The opinion of the court was delivered by

WILLARD, C. J.   This is an appeal from an order dissolving an attachment, on the ground that the affidavit on which it had been granted was insufficient.   The affidavit contained the general charge, stated upon information and belief, that the defendant was disposing of his property and effects with intent to defraud his creditors.   This general charge, even if made upon positive knowledge, would not have been sufficient ground for issuing the attachment, unless supported by the statement of facts and circumstances warranting such allegation.

As it is only made upon information and belief, it requires the statement of such circumstances in its support as would enable the court to conclude that the causes warranting the issuing of the attachment existed.   The only circumstance alleged is a statement claimed to have been made by the defendant, as follows: "I am running my business as an agent so as to save trouble with creditors until I can pay."   The proof must bring the case within the provisions of Section 250 of the code to warrant the issuing of the attachment in the present case.   The attachment is there allowed whenever the defendant *is about to remove any of his property from the state, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete any of his property with intent to defraud creditors.*   It is not alleged that the defendant has removed, or intends to remove any of his property out of the state.   It must then appear that he has either assigned, disposed of, or secreted his property, or is about to do so with intent to defraud his creditors.   It must be assumed that the defendant is engaged in mercantile business, and is selling and disposing of his property in the manner usual in the course of such business.   The fact that he is acting as an agent of another, whether properly or improperly, does not in itself warrant the conclusion that there is anything unusual in the manner in which he is making sales and deliveries of his stock in trade.   The most that can be argued is that he has covered up and obscured his title to such property.   The attachment law is designed to prevent parties from placing their property beyond the reach of an execution with the intent of defrauding their creditors.   It was not intended to arrest the due and proper

conduct of mercantile or other fair business dealing, although such dealing may have the effect to place property beyond the reach of an execution. The statute looks to an act of fraud consummated by an actual disposition of the property such as to place it beyond the reach of creditors. The mere fact that one who is indebted has covered up and concealed his title to property is not sufficient ground for issuing an attachment against him; it must also appear that the motive with which he is disposing of his property is the intent to defraud his creditors. Even admitting that the evidence contained in the affidavit tended to show that the defendant was using the name of another as a cover to his business transactions, that would not in itself be sufficient. That might well be, and yet the property remain in his hands subject to an execution. The plaintiff must go further and show an actual disposition of the property made, or intended, with intent to defraud his creditors. This, in our judgment, he has failed to do.

The appeal must be dismissed.

McIVER and McGOWAN, A. J.'s, concurred.